

**FILED**
**Oct 08, 2018**
**10:11 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **STEPHANIE BRYANT,** | ) | **Docket No. 2018-05-0187** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **FRITO LAY, INC.,** | ) | **State File No. 5177-2016** |
| **Employer,** | ) | |
| **and** | ) | |
| | ) | |
| **AGRI GENERAL INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This matter came before the Court on October 2, 2018, for an Expedited Hearing focusing on whether Ms. Bryant is entitled to additional medical or temporary disability benefits. To receive these benefits, Ms. Bryant must be likely to establish at a hearing on the merits that her need for additional treatment (surgery) arose primarily out of and in the course and scope of her employment. For the reasons below, the Court holds Ms. Bryant failed to meet this burden and is not entitled to the requested benefits at this time.

### History of Claim

Ms. Bryant suffered a work injury on January 18, 2016. Frito Lay accepted the injury as compensable and provided medical treatment for her complaints of neck and shoulder pain. Her initial provider referred Ms. Bryant to an orthopedic specialist for her shoulders.

Frito Lay provided an orthopedic panel, and Ms. Bryant selected Dr. Malcom Baxter. Neither party submitted medical records from Dr. Baxter for this initial treatment, but Ms. Bryant testified that she saw him for her shoulder complaints until he referred her to a specialist for treatment of her neck pain.

Frito Lay provided a panel of neurosurgeons, and Ms. Bryant chose Dr. Arthur

1

Ulm. PA Darice Spackman noted that Ms. Bryant had a neck injury in 1995 that led to fusion surgery in 2000 and chronic neck pain since 2004, which was well managed. Ms. Spackman recommended a referral to pain management. Frito Lay did not honor the referral.

Rather, Ms. Bryant testified that Frito Lay wanted a second opinion and sent her a new panel of neurosurgeons.[1] This panel was defective, as one of the doctors refused to see Ms. Bryant. Ms. Bryant was represented at the time, and her attorney began negotiating this issue with Frito Lay's counsel. Emails between the attorneys show that the Frito Lay eventually provided a panel including Dr. Robert Weiss, Dr. George Lien, and Dr. Graham Stahlman. Frito Lay's attorney stated in one email that Dr. Stahlman "has refused to treat Ms. Bryant, but is agreeable to evaluating her." Ms. Bryant's attorney responded, "Without agreeing that this is a valid panel, we pick Dr. Robert Weiss."

Dr. Weiss examined Ms. Bryant and reviewed MRI scans from before and after her January 2016 work injury. He felt that the pre-injury scans "show the same findings in the imaging study performed after her work injury." He concluded that her current symptoms "may be mechanical in nature, sprain/strain or musculo-ligamentous, and should be dealt with expectantly, with respect to her work-related injury. Any pathology noted on her imaging studies, structural and anatomic, was present years before her work injury." Dr. Weiss did not feel Ms. Bryant was a surgical candidate, and he released her at maximum medical improvement from a neurological standpoint. At a final follow-up visit, he reiterated, "I do not see any issues that are current, that are neurosurgical and related to this latest work injury."

Ms. Bryant returned to Dr. Baxter for complaints of bilateral neck and shoulder pain. Dr. Baxter ordered an MRI, which showed minimal shoulder problems and a herniated cervical disc. He felt that most of Ms. Bryant's pain was coming from her neck, so he released her at maximum medical improvement for her shoulder complaints. He also said, "She needs to follow someone about her neck and have her herniated discs treated."

Frito Lay denied Ms. Bryant's request for another panel, so she began treating on her own with Dr. Jason Hubbard. He noted her prior fusion at C4-5 and diagnosed severe stenosis at C3, which was compressing the spinal cord. Dr. Hubbard performed a C3 corpectomy and a C2 to C4 fusion with an expandable cage. His records do not address the cause of her stenosis or spinal cord compression.

Ms. Bryant requested that the Court order Frito Lay to designate Dr. Hubbard her

---

[1] Frito Lay suggested it wanted a second opinion because Dr. Ulm would not provide a causation opinion, but it presented no evidence to support this assertion.

authorized physician for further treatment. She contended that the neurosurgical panel from which she selected Dr. Weiss was invalid because it only included two doctors who were willing to provide treatment. Because of this, Ms. Bryan claimed that Frito Lay should be ordered to pay for her unauthorized treatment.

Frito Lay countered that Ms. Bryant failed to meet her burden of proving that her work injury caused the need for her unauthorized treatment. It also argued that its second panel of neurosurgeons complied with the requirements of the Workers' Compensation Law. Further, Frito Lay contended that Ms. Bryant never notified it of her intent to treat with Dr. Hubbard or asked Frito Lay to authorize that treatment. For these reasons, it asked the Court to deny Ms. Bryant's request.

### Findings of Fact and Conclusions of Law

To prove a compensable injury, Ms. Bryant must show that her alleged injury arose primarily out of and in the course and scope of her employment. To do so, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Frito Lay does not dispute that an injury occurred. The question, therefore, is whether Ms. Bryant appears likely to prove at a hearing on the merits that her work injury primarily caused her need for Dr. Hubbard's surgery. The Court cannot find at this time that Ms. Bryant is likely to meet this burden.

The Court accepted several medical records into evidence, but Dr. Weiss was the only physician to give a medical opinion addressing the cause of Ms. Bryant's neck condition. He stated that her neurosurgical issues were unrelated to her January 2016 work injury. Absent any other medical opinion, Ms. Bryant cannot prove "to a reasonable degree of medical certainty" that her work contributed more than fifty percent in causing the need for the neurosurgical treatment she received from Dr. Hubbard.

The Court recognizes Ms. Bryant's frustration with the panel process that led her to Dr. Weiss. However, even a finding that the panel was improper would not invalidate Dr. Weiss' opinion. Further, Dr. Weiss' opinion precludes an order for a new panel at this time. *See Berdnik v. Fairfield Glade Community Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *16 (May 18, 2017)(medical benefits cannot be awarded by ignoring the only expert medical proof in the record).

Because Ms. Bryant failed to establish a likelihood of proving that her need for surgery arose primarily out of her work injury, the Court cannot find at this time that she

appears likely to prevail on a claim for additional medical or temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Bryant's claim against Frito Lay and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on December 19, 2018, at 9:00 a.m. You must call 615-741-2112 or toll-free at 855-874-0473 to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

   **ENTERED this the 8th day of October, 2018.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Stephanie Bryant
2. X-ray image (I.D. only)
3. January 4, 2018 note from Dr. Jason Hubbard (I.D. only)
4. Disability appeal letter from Stephanie Bryant (I.D. only)
5. Numbered medical records submitted by Ms. Bryant
6. Additional medical records submitted by Ms. Bryant
7. Certified medical records of Dr. Robert Weiss
8. Wage Statement
9. C-30A Final Medical Report
10. C-42 Form and emails
11. Copy of PBD

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Parties' Pre-Hearing Statements

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 8th day of October, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Stephanie Bryant | | | X | uniquelybusiness@yahoo.com |
| John R. Lewis, Esq. Employer Attorney | | | X | john@johnlewisattorney.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                      RDA 11082